

January 22, 2020

<u>VIA 1ST CLASS MAIL, EMAIL</u>

Jennifer Mustes, Esq.
Associate Counsel, Labor & Employment
Metro-North Railroad
420 Lexington Avenue
New York, NY 10170
JMustes@mnr.org
(212) 340-2504


Re: <u>Elgin Turner v. MNRR, et al</u>


<u>***CEASE AND DESIST NOTICE***</u>

Dear Ms. Mustes:

As you are aware, this office represents Metro-North Railroad ("MNRR") employee Elgin Turner in connection with multiple claims against the MNRR and several of its supervisory and management personnel for, *inter alia*, **Race discrimination, Hostile Work Environment and Retaliation under Federal, New York State Law, and New York City Law**.

As you are also aware, there is currently a pending lawsuit regarding these claims.  It has recently come to my attention that other MNRR employees are now engaging in obvious additional retaliation related to Mr. Turner's lawsuit in violation of Title VII, 42 U.S.C. Section 1981, the New York State Human Rights Law and the Administrative Code of the City of New York and also in violation of the ADA and the FMLA.

Specifically, MNRR employees, Ms. Patricia Boada, who was initially named as a defendant in Mr. Turner's lawsuit, but who was dropped as a defendant before I came to represent Mr. Turner in this matter and, Ms. Melanie Chirico, who is married to one of the current individually-named defendants, have both been engaging in an obvious and concerted effort to retaliate against Mr. Turner for his currently pending lawsuit.

This outrageous, unacceptable and obvious pattern of retaliation includes numerous false accusations of absenteeism and corresponding disciplinary proceedings.  Despite Mr. Turner's clear requests for reasonable accommodation in the form of doctors' notes provided to MNRR by Mr. Turner and voicemail messages requesting leave, MNRR has failed to engage

in interactive dialogue, as required by law and instead chosen to engage in open and obvious retaliation due to Mr. Turner's medical condition and due to Mr. Turner's pending litigation. See the attached correspondence ("Attachment A") as evidence and examples of the unlawful retaliation described in this letter. Mr. Turner has provided the necessary medical documentation both before and after being issued the write-ups, yet the MNRR through the actions of Ms. Boada and Ms. Chrico, has baselessly persisted in advancing the disciplinary proceedings against Mr. Turner.  The retaliatory actions of Ms. Boada and the extreme stress she has inflicted upon Mr. Turner through these retaliatory actions has resulted in the medical necessity of Mr. Turner wearing a heart-monitor at all times and numerous stress induced ailments.

Please be advised that *all* of the incidents described above will be used as evidence of unlawful retaliation in violation of the aforementioned statutes.  These retaliatory actions taken against my client, if not immediately remedied, shall result in a protective order sought from U.S.D.J. Vernon Broderick in the currently pending litigation against MNRR and against Ms. Boada and Ms. Chirico individually, as well as new legal claims against MNRR, Ms. Boada individually and Ms. Chirico individually.

Kindly, share this letter with the appropriate personnel, including Ms. Boada and Ms. Chirico and instruct these individuals and all other appropriate parties to immediately **CEASE AND DESIST** from any further harassment and retaliation against Mr. Turner in any and all circumstances and particularly with respect to my client's ongoing medical problems, which are directly attributable to the extreme emotional distress suffered due to unlawful workplace retaliation. It should go without saying, but in order to avoid further violations giving rise to further such claims by Mr. Turner against the MNRR and the individual perpetrators employed by MNRR, in the event that the individuals involved in this matter are tempted to engage in further retaliatory conduct against Mr. Turner, any and all precautions should be taken by your office to ensure that all parties involved are fully aware that such retaliation violates the law and will be used against all of the defendants in the pending litigation.We are prepared to seek leave of the Court to amend the currently operative Complaint in this matter to include the newly accrued claims or, in the alternative, to commence new litigation to seek redress for these claims.

Thank you for your cooperation in this regard.

Sincerely yours,

**DEREK SMITH LAW GROUP, PLLC**

_____
Seamus P. Barrett, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119

(212) 587-0760


**CC via ECF:**
**U.S.D.J. Vernon Broderick**
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

# Attachment A

Case 1:17-cv-09168-VSB   Document 61   Filed 01/22/20   Page 5 of 14

Catherine A. Rinaldi - President

 **Metro-North Railroad**                    **Notice of Action - G250**

**CERTIFIED MAIL#: 7019 1120 0001 2257 5353 - USPS -Hand Delivered**
**Ref No:** 010620_16759
**Date :** 01/06/2020
**Employee ID:** 111178

Elgin K Turner
1049 Sterling Place
Apt 11
Brooklyn, NY 11213

Dear Elgin K Turner:

Please arrange to be present at an investigation to be held on **Thursday, January 16, 2020 at 11:00 AM** in the Graybar Building, 420 Lexington Avenue, New York 10th Floor Breakout Room.

This investigation is being held to determine your responsibility, if any in connection with the following charges:

- Absenting yourself from your assigned position on 10/22/2019, 10/23/2019, 10/24/2019, 11/01/2019, 11/04/2019, 11/11/2019, 11/12/2019, 12/11/2019; this in light of previous record constitutes unsatisfactory absenteeism.

In accordance with the Memorandum of Understanding dated May 10, 2007 of your Collective Bargaining Agreement, a representative of Management will be available to meet with you in connection with this matter on **Wednesday, January 15, 2020 at 11:00AM** in the GCT Patricia Boada's office.

You may arrange to have duly accredited representation and/or witnesses present in accordance with your collective bargaining agreement.

Sincerely,

P. Boada  (AJB)
P.Boada
Manager Administration
OPERATIONS - MW GCT

**CC:** M . Chirico
**Witness:** H . Maldonado
**Additional CC:** John McCloskey, SMW

Catherine A. Rinaldi - President

 **Metro-North Railroad**                    **Postponement Letter**

**CERTIFIED MAIL#: 7019 1120 0001 2257 6251 - USPS -Hand Delivered**

**Ref No:** 122719_16759
**Date :** 01/10/2020
**Employee ID:** 111178

Elgin K Turner
1049 Sterling Place
Apt 11
Brooklyn, NY 11213

**Dear Elgin K Turner:**

This notice is in reference to the trial that was postponed on **Thursday, January 16, 2020 at 11:00 AM.** Please arrange to be present at an investigation to be held on **Thursday, January 30, 2020 at 9:00 AM** in the Graybar Building, 420 Lexington Avenue, New York 10th Floor Breakout Room.

This investigation is being held to determine your responsibility, if any in connection with the following charges:

- Absenting yourself from your assigned position on 10/22/2019, 10/23/2019, 10/24/2019, 11/01/2019, 11/04/2019, 11/11/2019, 11/12/2019, 12/11/2019; this in light of previous record constitutes unsatisfactory absenteeism.

In accordance with the Memorandum of Understanding dated May 10, 2007 of your Collective Bargaining Agreement, a representative of Management will be available to meet with you in connection with this matter on **Wednesday, January 29, 2020 at 9:00AM** in the GCT Patricia Boada's office.

You may arrange to have duly accredited representation and/or witnesses present in accordance with your collective bargaining agreement.

Very truly yours,

*P. Boada* (AJB)

P.Boada
Manager Administration
OPERATIONS - MW GCT

**CC:**    A.Driscoll
**Witness:**    H.Maldonado

**Additional CC:**    John McCloskey, SMW

# METRO-NORTH RAILROAD
## 420 LEXINGTON AVENUE
## NEW YORK, NY 10017

## <u>WAIVER</u>

I, **<u>Elgin Turner, Emp# 111178</u>** desire to waive any right I may have to a trial by Metro-North Railroad and admit my responsibility in connection with the following charge(s):

- Absenting yourself from your assigned position on 10/22/2019, 10/23/2019, 10/24/2019,   11/01/2019,   11/04/2019,   11/11/2019,   11/12/2019, 12/11/2019; this in light of previous record constitutes unsatisfactory absenteeism.

I agree to accept the following discipline:          **Formal Reprimand**

_____
Elgin Turner, Emp# 111178          Date


_____
Union Rep          Date


_____
Witness          Date

# FMLA Certification of Health Care Provider
# Employee's Serious Health Condition

HR-BEN-069

Recieved

JAN 0 9 2020

MTA MNR FMLA



## Section I – Instructions for the Employee

**NOTE:** Remember to complete and submit an HR-BEN-028: Family and Medical Leave Act Application Form to your Agency HR or FMLA Coordinator.

Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 29 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form to your employer. 29 C.F.R. § 825.305.

If you have any questions, please contact MTA Business Service Center (BSC) at 646-376-0123 or bscservice@mtabsc.org.

## Section II – Employee Information

| Print Name | Last _Turner_ | First _Elgin_ | M | Suffix | BSC ID: _1034143_ |

| Employer (check one) | ☐ BSC | ☐ B&T | ☑ CC | ☐ HQ ✓ | ☐ Police | ☐ MaBSTOA | Department: _Building Maintenance_ |
|  | ☐ SIR | ☐ LIRR | ☑ MNR | ☐ MTA Bus | ☐ NYCTA | | Job Title: _Pipe Fitter_ |

Street Address _1049 Sterling Place   # 11_     Regular Work Schedule _Mon-Fri. 8am-4PM_  Rest Days _Sat. Sun_

City _Brooklyn_     State _NY_     Zip Code _11213_

Phone (H) _347-725-7769_   Phone (W) _646-376-0123_   Email _elgin-turner@yahoo.com_

Employee Signature _Elgin Turner_     Date _1/9/2020_

## Section III – For Completion by the HEALTH CARE PROVIDER

The employee listed above has requested leave under the FMLA to care for your patient. Answer, fully and completely, all applicable parts below. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the patient needs leave. Page 3 provides space for additional information, should you need it. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b).

Please be sure to sign the form on page 3.

Provider's Name: **TJ Blackett-Bonnett MD**     License number: _713073_     State: _NY_
Lic 213623

Type of Practice/ Medical Specialty: _Internal Medicine_

Provider's Address: _1623 Lincoln Pl._

City: _Brooklyn_     State: _ny_     Zip Code: _11238_

Telephone: _347-606508_     Fax: _7184842480_

# FMLA Certification of Health Care Provider
# Employee's Serious Health Condition



HR-BEN-069

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: 4/18/17 _while on duty_

   Probable duration of condition: _Chronic-Condition episode flare up_
   _from work related stressors./_

   **Mark below as applicable:**

   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility? ___No ___Yes If so, dates of admission: _En visit NY u 4/18/17 for Anxiety_
   _work related as_

   _recent_
   Date(s) you treated the patient for condition: _providing psych once a week._

   Will the patient need to have treatment visits at least twice per year due to the condition? ___No _✓_Yes

   Was medication, other than over-the-counter medication, prescribed? ___No _✓_Yes

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)? ___No _✓_Yes
   If so, state the nature of such treatments and expected duration of treatment:
   _psychotherapy weekly_

2. Is the medical condition pregnancy? _✓_No ___Yes If so, expected delivery date: _____

3. Use the information provided by the employer in Section II to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.
   Is the employee unable to perform any of his/her job functions due to the condition: _✓_No ___Yes
   If so, identify the job functions the employee is unable to perform: _when pt has episode of anxiety flare then he_
   _needs to have time off work._

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   _____

   _____

   _____

# FMLA Certification of Health Care Provider
# Employee's Serious Health Condition



HR-BEN-069

## PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ___No ✔Yes
   If so, estimate the beginning and ending dates for the period of incapacity: _PRN Anxiety flareup_

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? ___No ✔Yes

   If so, are the treatments or the reduced number of hours of work medically necessary? ___No ✔Yes
   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:
   _Once a month_

   Estimate the part-time or reduced work schedule the employee needs, if any: _Not necessary._
   _No part time_ hour(s) per day; _whole days_ days per week from _when needed._ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ___No ✔Yes
   Is it medically necessary for the employee to be absent from work during the flare-ups? ___No ✔Yes
   If so, explain:

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days): _This is based on what goes on with him + not predictable - Episodes_

   Frequency: _4_ times per ___week(s) _____ (month(s)) _5 days, 4 times a month_
   Duration: _____hours or _5_ day(s) per episode _Per episode - Anxiety flare ups_

## ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.

_____

_____

_____

---

**Section IV – Signature of Health Care Provider**

*I do hereby certify that to the best of my knowledge the above information is true and correct.*

| | Date | 1/9/20 |
|---|---|---|

## T Bonnett Medical Services PC.
### 423 Lincoln Place
### Lower Level
### Brooklyn, NY 11238
### Phone: (347) 404-6508
### Fax: (718) 484-2415

January 16, 2020

To whom it may concern,
Re: Elgin Turner
D.O.B. 08/22/1964

Clarification of Page 2
Dates you treated pt for condition:

First of all, the patient cannot come to me every day he is out for the known condition of anxiety disorder due to his work. This is not feasible for the patient or me the doctor! You already have his condition in your file, the cause of his condition and the time he needs off for anxiety and stress.

As for the days of 10/22, 10/23, 10/24 2019,  he was seen in my office on 10/24/19. He was not seen the other dates but you have the paperwork already on file stating he can take days off per month for his anxiety.

Date 12/11/19 patient comes to office: 1/9/20 stating that he had to take off 12/11/19 because of another flare up. At that visit patient was experiencing tachycardia and palpitations for which a cardiac monitor was placed.

Please do your job and adhere to the recommendations that you have on file. Hoping that this will clarify all of your highlighted notes.

Thank you,

Dr Terry Jan Blackett-Bonnett

420 Lexington Avenue
New York, NY 10170
www.mta.info

Catherine A. Rinaldi
President

 **Metro-North Railroad**

January 13, 2020

Elgin Turner
1049 Sterling Place
#11
Brooklyn, NY 11213

Dear Elgin:

**Re:     Incomplete/ Insufficient certification received for Family Medical Leave (BSC# 1034143)**

Please read this letter carefully as it provides important information about your recent request for family medical leave.

This is to inform you that you have met the minimum eligibility requirements for family and medical leave, however, in order to determine whether or not your absences qualifies for leave under the Family Medical Leave Act ("FMLA"), we must receive complete and sufficient certification. You will receive a "Notice of Eligibility Rights and Responsibilities" from the MTA Business Service Center ("BSC") with further information about your eligibility for family medical leave.

### Metro-North Human Resources received from you:

☐ HR028 "Family and Medical Leave Application From
☒ HR069 "FMLA Certification of Health Care Provider- Employee's Serious Health Condition Form"
☐ HR070 "FMLA Certification of Health Care Provider- Family Member's Serious Health Condition Form"

Our initial review has determined that the certification we received is **NOT** complete or sufficient to determine your eligibility for leave. Please refer to the attached list which highlights the information needed to make a determination on your leave request.

Enclosed is the Medical certification you submitted in support of you or your family member's medical leave application.  Several questions seek a response as to the frequency and duration of the condition, treatment, etc., from your physician.  The physician's response should be his or her best estimate based upon his/her medical knowledge, experience, and examination of the patient.  The physician should be specific as he or she can; terms such as "lifetime", "unknown", or "indeterminate" may not be sufficient to determinate FMLA coverage.

To make a determination on your FMLA request, please return the completed certification via regular mail to MNR Leave Administrator, 420 Lexington Avenue, 12th Floor, New York, NY 10017, via fax (212) 340-2045 or email to MNRFMLA@MNR.org, so we can promptly complete our review of your leave request.  If completed and sufficient certification is not received within 15 calendar days, your leave may be denied and your absences may not be designated as protected under the Family Medical Leave Act. Once we obtain the required information from you as specified in this letter, you will receive a Designation Notice from the BSC informing of your approval or denial of your FMLA request.



420 Lexington Avenue
New York, NY 10107
www.mta.info

Catherine A. Rinaldi
President

## MTA **Metro-North Railroad**

## The Following information needs to be completed in support of your FMLA request:

### Employee's Serious Health Condition HR 069

☐ Form HR-BEN-069 required

☐ Section I- For completion by Employee

☐ Section III – Health care provider license number

☒ **Part A: Question #1- indicate recent dates treated in the past year**

☐ Part A: Question #2- is condition pregnancy

☐ Part A: Question #3 -Ability to perform job function

☐ Other:

☒ **Part A: Question #4 - Medical Facts**

☐ Part B: Question #5 - Incapacity period/ Beginning & End date

☐ Part B: Question #6 - Estimate frequency of appointments/treatment

☐ Part B: Question #6 - Estimate part-time or reduce work schedule

☐ Part B: Question #7 - Estimate frequency and duration for flare-up

☐ Section IV –Updated Signature of Health Care Provider

### Employee's Family Member Serious Health Condition HR 070

☐ Form HR-BEN-070 required

☐ Section II- Employee Information

☐ Section III – Completion by Health Care Provider/ License#

☐ Part A: Question #1- complete in its entirety

☐ Part A: Question #2 - If pregnancy, EDD

☐ Part A: Question #3 - Describe medical facts

☐ Other:

☐ Part B: Question #4 – Incapacity period

☐ Part B: Question #4 – Care needed

☐ Part B: Question #5– Estimate frequency of appointments/ treatments

☐ Part B: Question #6 – Intermittent/Reduced schedule

☐ Part B: Question #7 – Estimate frequency and duration for flare-up

☐ Section IV – Signature of Health Care Provider

If you have any questions, please do not hesitate to contact the Senior Workforce Availability Specialist below assigned to your department.

☒ **Maldonado, Helen at (212) 340-3238 or** HMaldonado@mnr.org

#### **\*\*NOTE:  PLEASE RETURN THE ENTIRE PACKET TO HR\*\*\***

| I M P O R T A N T |
|---|
| Please forward all forms, i.e., HR 028 **AND** HR BEN 069 or HR 070 to MNR FMLA Administrator. HR 069 is for employee's own health condition; HR 070 is for care of family member's health condition. |